UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DENNIS KING,                     )
                                 )
    Plaintiff                    )
                                 )
v.                               )    No. 2:10-cv-235-DBH
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
    Defendant                    )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises a single issue: whether a limitation precluding "forceful gripping" is consistent with an occupational requirement of "frequent handling." I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from carpal tunnel syndrome affecting the right upper extremity, mild recurrent depression, and mild chronic obstructive pulmonary disease, status post incidences of pneumothorax treated by partial resection of the left lower lung lobe, impairments that were severe but which, considered

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 18, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

separately or in combination, did not meet or equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 11-21; that he had the residual functional capacity ("RFC") to perform a limited range of work at the light exertional level, with the ability to stand, sit, and/or walk six hours in an eight-hour workday, occasionally climb two flights of stairs, occasionally climb ramps, and to perform unskilled, routine tasks of a repetitive nature, but not to climb ladders, ropes, or scaffolds, not to use vibratory hand tools, not to grip forcefully with his right upper extremity, and he must avoid concentrated exposure to dust, fumes, gases, and odors, Finding 5, *id.* at 22; that he was unable to perform any past relevant work, Finding 6, *id.* at 28; that, given his age (52 on the alleged date of onset), limited education, work experience, and RFC, use of the medical-vocational rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.*; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, at any time from January 19, 2008, the alleged date of onset, through the date of the decision, Finding 11, *id.* at 30. The Decision Review Board did not complete its review of the decision within the time allotted, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a), *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as

adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### Discussion

The plaintiff contends that a limitation excluding forceful gripping with the right upper extremity also excludes frequent handling with that extremity, making all of the jobs identified by the vocational expert in response to the administrative law judge's hypothetical question and adopted by the administrative law judge in her opinion unavailable to him. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 10) at 3-6. The administrative law judge's first hypothetical question was the following:

> [I]f you would please consider an individual age 52 at the alleged onset date, and currently age 54. So a person closely approaching advanced age. With a ninth grade limitation [education?], and the past relevant work in the maintenance work and custodial work as you set forth. Who is limited to unskilled, routine tasks of a repetitive nature. And lifting and carrying 10 pounds frequently and 20 pounds occasionally. Standing and/or walking up to six hours total in an eight-hour day. Sitting up to six hours total in an eight-hour day. No climbing of ladders, ropes, or scaffolds. Occasional climbing of stairs and ramps. No concentrated exposure to dust, gas, fumes, or odors.

Record at 55-56. When asked what jobs would be available for such an individual, the vocational expert listed flagger, personal care assistant, fast food worker, and newspaper carrier. *Id.* at 56, 58.

3

The administrative law judge then asked: "And if I were to further limit this individual to no use of vibratory hand tools, or no forceful gripping with the right upper extremity, what impact if any would that have on the occupations cited?" *Id*. at 58. The vocational expert replied: "I think it would allow all four. The fast food worker, there might be some situations where . . . limited use of one hand to some extent might eliminate some of those. So if I was going to use that I would probably reduce those by 50 percent which I think would be more than enough. The others I think could be done within hypothetical number two." *Id*. at 58-59.

The vocational expert testified that his testimony about these jobs was consistent with their description in the Dictionary of Occupational Titles ("DOT"). *Id*. at 59. The administrative law judge included in the RFC she assigned to the plaintiff that he must not use vibratory hand tools and was not capable of forceful gripping with his right upper extremity. *Id*. At 22. She listed flagger, personal care attendant, and newspaper carrier as jobs the plaintiff could perform with this RFC. *Id*. at 28-29.

The plaintiff asserts, in conclusory fashion, that because the DOT defines these three jobs as involving frequent handling, there is an unreconciled inconsistency between the vocational expert's testimony and the DOT, in violation of Social Security Ruling 00-4p. Itemized Statement at 4-5. But, he cites no authority defining inability to grip forcefully in a manner that is inconsistent with the concept of handling.[2] Indeed, when the attorney who represented the plaintiff at the administrative hearing asked the vocational expert on cross-examination about the restriction on forceful gripping, the vocational expert consistently said that the restriction was on

---

[2] Neither the opinion in *Parker v. Astrue*, No. CV 08-4351-JTL, 2009 WL 1464392 (C.D.Cal. May 26, 2009), submitted by the plaintiff's attorney at oral argument, nor *Dandreo v. Astrue,* Civil No. 09-347-P-H, 2010 WL 2076090 (D. Me. May 20, 2010), cited by the plaintiff in her itemized statement and by her attorney at oral argument, may reasonably be read so to define these terms. Indeed, the *Parker* court did no more than mention a limitation barring forceful or repetitive use of both upper extremities, which had no bearing on the issues before that court, 2009 WL 1464392 at [4]-[6], and in *Dandreo*, the issue was the relationship of the terms "repetitive" and "frequent" with respect to fingering, 2010 WL 2076090 at *2-*4, which also is not at issue in the instant case.

forceful gripping, and not on any gripping. Record at 64-65. He testified that a person with "an unlimited grip on the left and some grip on the right would allow an individual to still do those jobs." *Id*. at 65.

The plaintiff makes much of the vocational expert's apparent inability to provide a definition of the term "forceful gripping." Itemized Statement at 4 & n.6; Record at 65. However, the vocational expert made it clear that he saw a distinction between gripping and forceful gripping, and that is the important testimony for purposes of this discussion. The plaintiff offers nothing beyond his own assertion that this testimony was necessarily inconsistent with the requirement of frequent handling in the DOT descriptions.[3] The vocational expert is the individual most likely to know whether or not there was an inconsistency under the circumstances of this case. In fact, he explained an actual inconsistency between his testimony and the Specific Vocational Preparation rating for the position of personal care assistant in the DOT. Record at 56-57. The "inconsistency" on which the plaintiff bases his entire argument simply does not exist. *See Equihua v. Astrue*, No. EDCV 20-0122-JEM, 2011 WL 321993, at *6 (C.D. Cal. Jan. 28, 2011) ("frequent handling" not same as "forceful gripping").

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

## *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for***

---

[3] Social Security administrative law judges in other jurisdictions have considered frequent handling to be a concept distinct from a limitation on forceful gripping. *See, e.g., Bingaman v. Commissioner of Soc. Sec.*, 186 Fed. Appx. 642, 646, 2006 WL 1827616, at **4 (6th Cir. June 29, 2006); *Johnson v. Commissioner of Soc. Sec.*, No. 08-12042, 2009 WL 814509, at *2 (E.D. Mich. Mar. 26, 2009); *Dixon v. Astrue*, No. C-07-03370 JCS, 2008 3984594, at *11 (N.D. Cal. Aug. 27, 2008).

5

*which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 25th day of March, 2011.

                                                /s/ John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge